UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TOM WITHERS, III,

Plaintiff                                                                 CIVIL ACTION

VERSUS

CITY OF ABERDEEN,

Defendants

## COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES

The complaint of Tom Withers, III, Esq. a licensed attorney in the State of Louisiana (hereinafter referred to as complainant), hereby brings the following Complaint for breach of contract and damages, and in support thereof avers as follows:

### 1. JURISDICTION

Jurisdiction exists by virtue of diversity of Citizenship, 28 U.S.C. 1332. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### 2. VENUE

Venue is proper in this district pursuant to 28 US 1391 in that the contract at issue was offered by defendants and accepted by complainant in this district and the breach (and resultant damages) occurred in this district.

### 3. BREACH OF CONTRACT

A.

On or about September 14, 2012, the Council of Aldermen (Aldermen) for the City of Aberdeen, authorized and approved a Solar Purchase Power Agreement/Contract (SPPA) between the City of Aberdeen (Aberdeen) and Ewing Solar Corporation (ESC). The SPPA granted an

1

exclusive license to ESC to produce and sell Solar Power Energy to the city of Aberdeen and was signed on behalf of the City of Aberdeen by its Mayor, Cecil Belle and City attorney John Dudley Williams. **(See attached SPPA agreement, exhibit 1)**

B.

On September 14, 2012, at a special Aldermen Board meeting, the Aldermen designated City property (Stinson Industrial Park) as the location for economic development and authorized the negotiation and promotion of the Aberdeen Economic and Energy Initiative Phase 1 with ESC to build a Solar panel plant and hotel upon the site. **(See board minutes exhibit 2)**

On November 6, 2012, the Aldermen appointed Mayor Cecil Belle as the Aberdeen Economic Development Authority (AEDA) which was formally organized on March 19, 2013. AEDA was created to promote and develop economic developments within the city of Aberdeen. The Aldermen appointed Mayor Cecil Belle, as the AEDA authority and pursuant to the directives of the Aldermen, Mayor Belle negotiated a Consultant Management Services Contract with ESC which was signed by Mayor Belle and City attorney John Dudley Williams. Pursuant to the Consultant Management Agreement, ESC contracted to perform Consultant Management Services on behalf of the City/AEDA which included the procurement, development and operations of all projects comprising the SPPA and Aberdeen's Economic Development Initiatives. **(See attached Consultant Management Agreement exhibit 3)**

D.

To promote the economic initiatives and in particular Solar Power Development, it was essential that ESC acquire ownership of Aberdeen Stinson Industrial Park and by resolution of the board of Aldermen dated October 2, 2012, the Aldermen transferred ownership of said City

property to ESC. Included in the resolution is language describing the financial gain the City expected and attached to the resolution is an exhibit letter dated September 26, 2012, from City attorney John Dudley Williams describing the joint venture between Aberdeen and ESC. The City development initiatives would require a substantial financial investment by ESC and to attract potential investors, ESC acquired franchise agreements with multiple hotels and pursued investors who had the ability to develop and produce Solar Energy. **(See attached resolution council meeting minutes, exhibit 4)**

E.

In October 2014, ESC needed professional legal services in connection with the Consultant Management Agreement and contacted Complainant for possible representation. At this time, Complainant was employed as Attorney Paymaster for ESC. Complainant shows that ESC produced for his inspection the Solar Power Purchase Agreement, Consultant Management agreement, correspondence between the City and ESC and Aldermen meeting minutes authorizing the economic development initiatives. Complainant shows that pursuant to the Consultant Management Agreement, ESC had authorization to employ complainant for professional services in connection with economic developments and the cost for said professional services would be paid by Aberdeen. Complainant agreed to provide professional services.

F.

In June 2015, ESC contacted Complainant to discuss with Multicore International their interest in financing the CITY/AEDA development initiative. Reaching an agreement with Multicore required ESC contracting with a Solar Energy Developer to construct a Solar Energy facility on the City property transferred to ESC which would generate income for the City. The Solar Energy developer would also have the capability of manufacturing solar equipment and the

capability to generate solar energy 24 hours daily. Following lengthy negotiations, and document preparation by Complainant, Storenergy domiciled in the UK agreed to provide the Solar energy component for the project.

G.

Following monthly negotiations by Complainant with Multicore, Storenergy, Mainstreet Capital Investment Limited, including, drafting Memorandums of Understanding, (MOU), Non-disclosure agreements, (NDA), review of Bank Guarantees, (BG) and Stand-by Letters of Credit, (SBLC), Multicore International proposed financing between $475,000,000 - $375,000.000 to be secured by a Standby Bank Letter of Credit /Bank Guarantee from ESC. The financing would be obtained through Multicore's financial advisor and partner Mainstreet Capital Investment Limited and ESC tendered $50,000 to Multicore to secure the Bank Guarantee. Complainant shows that the City/AEDA, failed to secure necessary bonding and/or insurance to secure the funding.

H.

Despite the City/AEDA failure to secure the Multicore funding, the City/AEDA continued their contractual agreement with ESC. ESC and Complainant pursued other Solar developers to finance the City/AEDA projects which included, Rockwell, NEP, Miller Brothers, TVA, Forefront, Cypress Renewal and Duke Energy.

I.

Complainant shows that in 2016, Maurice Howard was elected Mayor of Aberdeen and as such, acquired all duties and authority of Aberdeen's previous Mayor, Cecil Belle. In furtherance of the City/AEDA development initiatives and by virtue of the authority granted to the prior mayor, on June 8, 2016, Mayor Howard executed a Special Counsel Contract of Employment with attorney Walter Howard Zinn, Jr. Attorney Zinn was employed as Special Counsel for the

City/AEDA to pursue the economic endeavors and related projects derived from the SPPA on behalf of the City and AEDA jointly. The Special Counsel Contract of Employment was signed by Mayor Howard and Mr. Zinn before a Notary Public. Included in the Special Counsel Contract of Employment is language acknowledging the contracts between ESC and the City including the obligation of the City to compensate ESC for all past and future legal cost related to projects derived from the SPPA and Consultant Management Agreement. Also, included in said contract is the acknowledgement that attorney Zinn had on behalf of the City/AEDA, contracted with Complainant to serve as Special Counsel for ESC in projects derived from the SPPA and established complainant's rate of compensation. **(See attached Special Counsel Contract of Employment, exhibit #5)**

J.

Complainant shows that the SPPA and Consultant management agreement was approved by the Aldermen during the Belle administration and after the election of Mayor Howard, the Aldermen continued their contractual relationship with ESC including actively participating in the Solar projects with knowledge that complainant was providing legal services to ESC in furtherance of the Solar projects. Complainant contends that since the City/AEDA actively participated in the procurement of the Solar projects, they are now estopped from asserting a lack of knowledge of complainant providing legal services for procurement of Solar projects and/or the invalidity of the Special Counsel Contract of Employment. Complainant shows that the Solar Developers pursued for projects in Aberdeen were nonresidents of the State of Mississippi and all contact between complainant and the potential Solar developers occurred in the State of Louisiana. Complainant shows that the services he rendered on behalf of defendants originated in and were performed in the State of Louisiana.

K.

Complainant shows that at all material times herein, the City/AEDA actively participated in ESC attempts to secure a Solar Power development for the City and openly demonstrated the enforceability of its contract with ESC. In 2015, the City informed Tennessee Valley Authority (TVA) of their 2012 SPPA agreement with ESC; on June 10, 2016, the City met with TVA to discuss TVA concerns about the SPPA violating the City's power purchase agreement with TVA; on September 28, 2016, the City applied for self-certification as a small power production facility; in 2016, the City accepted a land lease payment of $36, 0000 for Solar development on land transferred to ESC; on September 28, 2018 Cypress Renewal submitted to the city its proposal to TVA for construction of a Solar facility on land transferred to ESC; on February 15, 2018, the Alderman had knowledge of the Cypress Renewal proposal and authorized their City attorney to contact TVA to discuss the land lease and on several occasion, the Aldermen held meeting with potential Solar developers.

L.

Complainant shows that in 2018, the Aldermen without cause or notice to ESC, voted to cancel the contracts with ESC for failure to construct a Solar facility and instructed the City attorney to issue demand upon ESC for immediate return of City property transferred in 2012. The City has subsequently filed suit against ESC for return of the property. Complainant shows that in May 2019 demand was made upon the City of Aberdeen for payment of attorney fees. On or about June 13, 2019, the City of Aberdeen refused to pay attorney fees and rescinded the Special Counsel Contract.

M.

6

Complainant has provided legal services related to the City/AEDA development initiatives and the Solar Power Purchase Agreement for a period exceeding five years. Despite amicable demand, the City refuses to pay without reasonable justification. Complainant gave priority to securing financing for the City/AEDA projects which the City would have realized a considerable financial profit. The time devoted by Complainant including working seven days a week and exceeding normal working hours. Time involved exceeds 1,000 working hours and a fee of $850,000.00 is fair and reasonable considering the complex nature of the work involved.

4. <u>DAMAGES</u>

The City/AEDA participated in all Solar projects and executed by Authentic Act, the Special Counsel Agreement wherein Complainant is recognized as Special Counsel for ESC. Complainant will incur considerable legal cost to prosecute this matter and seeks as an element of damages payment of his legal fees by defendants.

WHEREFORE, complainant specifically demand the following relief, vicariously, jointly, severally, and solidarily against all the defendants:

a. Compensatory damages for Complainant in an amount to be determined at trial;

b. Such other further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

RESPECTFULLY SUBMITTED:

_/s/ Kathleen M. Wilson_____
KATHLEEN M. WILSON, 28836
1762 Dallas Drive
Baton Rouge, LA 70806
TEL: (225) 923-8237
FAX: (225) 923-8236
wilsonlawfirmllc@gmail.com