UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TOM WITHERS, III | CIVIL ACTION |
| VERSUS | |
| CITY OF ABERDEEN | NO. 23-01510-BAJ-SDJ |

<u>**RULING AND ORDER**</u>

This is a contract dispute over legal fees. Now before the Court is Defendant's **Motion to Dismiss (Doc. 18, the "Motion")**. The Motion is opposed. (Doc. 20). For the reasons that follow, the Motion will be granted, and Plaintiff's cause of action will be dismissed without prejudice.

**I. BACKGROUND**

The Court accepts the following allegations as true for present purposes:

In 2012, the Council of Aldermen for the City of Aberdeen, Mississippi, entered into a contract with Ewing Solar Corporation (ESC) for the procurement of solar power. (Doc. 1 at 1). In 2016, the City engaged an attorney, Walter Howard Zinn, Jr., to act as special counsel and help achieve the goals of the contract. (Doc. 1-6 at 2).[1] Zinn "contracted with" Plaintiff, a Louisiana attorney practicing in Baton Rouge, Louisiana, "to serve as Special Counsel for [ESC] in matters related" to a developing solar power project in the City. (*Id.* at 2). Plaintiff was to be compensated at "the same rate" as Zinn, who was earning $300.00 an hour, in addition to an initial retainer of $5,000.00. (*Id.* at 1, 2).

---

[1] The parties did not inform the Court as to the location of Zinn's law practice.

The City failed to secure financing for the solar projects. (Doc. 1 at 4). After further attempts to achieve its solar power goals with ESC, the Alderman of the City voted to end the City's relationship with ESC. (*Id.* at 6). In 2019, Plaintiff made demands on the City for payment of attorney fees. (*Id.*). On June 13, 2019, the City, through its Alderman, refused to pay attorney fees and rescinded the contract with Zinn. (*Id.*).

## II. PROCEDURAL HISTORY

In October 2023, Plaintiff filed this lawsuit for breach of contract, asserting the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff alleges that he "provided legal services related to the [City] development initiatives . . . for a period exceeding five years." (Doc. 1 at 7). He further alleges that he worked more than 1,000 hours and seeks $850,000.00, as "fair and reasonable" compensation. (*Id.*).

Defendant moved to dismiss, arguing that the Court has no personal jurisdiction over the City pursuant to Federal Rule of Civil Procedure 12(b)(2), that venue is improper pursuant to Rule 12(b)(3), and that the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. 17). Defendant also asks, in the alternative, that the Court transfer the case to the Northern District of Mississippi. (*See id.*). *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222 (5th Cir. 2012) ("Accordingly, we see no error in the district court's decision to dispose of the personal jurisdiction issue first and in not

proceeding further [to the additional arguments in support of dismissal] after concluding that it lacked personal jurisdiction over [defendant].").

## III. LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "The plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). In considering a motion to dismiss for lack of personal jurisdiction, the Court must accept the plaintiff's "uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the U.S. Constitution. *Revell*, 317 F.3d at 469. Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction over Defendant would offend federal due process. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

> The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) "that

3

> defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" Sufficient minimum contacts will give rise to either specific or general jurisdiction. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" Specific jurisdiction arises when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action."

*Revell*, 317 F.3d at 470 (footnotes omitted).

## IV. DISCUSSION

Defendant argues that it does not have sufficient contacts with Louisiana to subject it to the Court's jurisdiction. The Court agrees.

Defendant City of Aberdeen is located in Monroe County, Mississippi, and is a municipality and political subdivision of the State of Mississippi. Based on the pleadings, the City does not transact business in Louisiana, does not employ anyone in Louisiana, and does not maintain bank accounts in Louisiana. Although Plaintiff is identified in a contract between the City and an unrelated attorney, and the contract provides for a rate of compensation for Plaintiff, there is no evidence of any contract before the Court *between the City and Plaintiff*. There is no document signed by Plaintiff establishing him as a lawyer for the City. Indeed, the only contract before the Court provides that Plaintiff was to "serve as" counsel for ESC, a corporate entity that is neither a party to this case nor owned and operated by the City. (Doc. 1-6 at 2). In other words, Plaintiff did not provide legal services to the City, he provided them to ESC. Nor is there any evidence that the City ever contacted Plaintiff or communicated with him in any way.

4

Considering the totality of the facts of this case, the minimum contacts prong has not been satisfied. The City cannot be said to have "purposefully availed" itself of the privilege of conducting activities within Louisiana by hiring a lawyer, Zinn, who in turn retained Plaintiff to be a lawyer for a non-party corporate entity.

Hiring a lawyer in another state can sometimes subject a defendant to the personal jurisdiction of courts in that state. *See English & Smith v. Metzger*, 901 F.2d 36 (4th Cir. 1990) (California attorney who retained services of Virginia co-counsel conducted sufficient activities to transact business in Virginia where California attorney initiated contact with Virginia counsel and made various phone calls and mailings into state); *Paul, Hastings, Janofsky & Walker v. City of Tulsa, Oklahoma*, 245 F.Supp.2d 1248 (N.D. Ga. 2002) (Oklahoma city purposefully established minimum contacts with Georgia law firm where contract for payment of legal fees was basis for law firm's claims, city initiated contact with law firm and caused it to hire Atlanta-based contract attorneys and paralegals to work in Georgia on city's case, and city knew the vast majority of work would be conducted in law firm's Georgia office); *Brown Rudnick Berlack Israels LLP v. Brooks*, 311 F.Supp.2d 131 (D. Mass. 2004) (Massachusetts court had specific personal jurisdiction over New Hampshire resident in fee action where New Hampshire resident hired Massachusetts law firm to represent him; engagement letter was drafted in and returned to Massachusetts; resident attended a number of meetings in Massachusetts which were related to his legal representation; resident spent significant amount of time reviewing documents in conference room in

Massachusetts; resident made telephone calls and sent faxes and e-mails to Massachusetts firm; and resident retained Massachusetts-based expert witnesses); *Remick v. Manfredy,* 238 F.3d 248 (3rd Cir. 2000) (Pennsylvania court had specific personal jurisdiction over Indiana client where client sought attorney out by placing a telephone call to his associate in their Philadelphia office, the solicitation eventually resulted in a fee agreement which the attorney signed in Pennsylvania and the client and attorney signed and returned to Pennsylvania, at least one payment was sent by the client to his attorney at his Philadelphia office, most of the attorney's services were conducted at his Philadelphia office, and there were repeated "informational communications" during the course of the contractual relationship with the attorney at his Philadelphia office).

However, none of these cases involved a client working with a company which was represented by a lawyer in another state, whom the client may have agreed to pay. Moreover, none of these cases involved a client having *no communications whatsoever* with the lawyer in the other state.

Plaintiff essentially makes no substantive argument for the existence of minimum contacts here, apart from the conclusory statement that the City "has established sufficient minimum contacts with the State of Louisiana to warrant . . . personal jurisdiction over this claim." (Doc. 20 at 6). Nor does Plaintiff cite any legal authority establishing that minimum contacts are present here, apart from quoting the Louisiana long-arm statute. (*Id.*). This does not suffice. *See Preis Kraft & Roy v. Dallas Fire Ins. Co.,* No. CV 05-953, 2005 WL 8178114, at *4 (W.D. La. Dec. 8, 2005),

6

*report and recommendation adopted*, No. 6:05-CV-0953, 2006 WL 8460561 (W.D. La. Jan. 3, 2006) (finding no minimum contacts where law firm sought to establish jurisdiction in Louisiana, where its headquarters was located, "but the legal work was actually performed in another state by a branch office," and "there was no written contract between [defendant] and [the law firm], the legal work was all performed by attorneys located in [the law firm's] Texas office, and all of the cases involved litigation in Texas").

Based on the pleadings before the Court, Defendant has not established minimum contacts in Louisiana such as to warrant the Court's exercise of personal jurisdiction. The question then becomes what the appropriate remedy for this deficiency is.

"Upon determining that it lacks personal jurisdiction over a foreign defendant, the Court has two options. The first is to dismiss the foreign defendant without prejudice." *Donelon v. Pollick*, No. CV 20-00177-BAJ-RLB, 2021 WL 796145, at *6 (M.D. La. Mar. 2, 2021) (citing *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999). The second is to "transfer the entire action 'to any other such court. . . in which the action. . . could have been brought at the time it was filed.'" *Id.* (quoting 28 U.S.C. § 1631); *see Harutyunyan v. Love*, No. 19-cv-41, 2019 WL 5551901, at *6 (E.D. La. Oct. 28, 2019) ("Although the Fifth Circuit has not squarely addressed this issue, it appears to this [c]ourt [that] the Fifth Circuit would agree that § 1631 authorizes transfers based on lack of subject matter jurisdiction, personal jurisdiction, or

7

improper venue."). It is undisputed that this action could have been brought in the Northern District of Mississippi.

The sole issue therefore becomes whether the interests of justice are promoted by transfer as opposed to dismissal. *Harutyunyan*, 2019 WL 5551901, at *4 ("A case is 'transferable' pursuant to § 1631 when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice."). The Court finds that the interests of justice favor transfer, as opposed to outright dismissal, in part because a dismissal without prejudice would potentially frustrate considerations of judicial economy, and in part because of the considerations of the public and private factors as argued in Defendant's Motion, (Doc. 18 at 11-15), and as set forth in 28 U.S.C. § 1404(a). The Court will therefore transfer this matter to the Northern District of Mississippi, where Plaintiff will be afforded an opportunity to press his claims.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant City of Aberdeen's **Motion to Dismiss (Doc. 17)** be and is hereby **GRANTED IN PART** and **DENIED IN PART**. This matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of Mississippi.

Baton Rouge, Louisiana, this 18th day of December, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**