**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TOM WITHERS, III**                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:24-CV-218-SA-RP**

**CITY OF ABERDEEN**                                              **DEFENDANT**

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT</u>**

Before the court is the plaintiff's Motion for Clerk's Entry of Default Pursuant to Federal Rule of Civil Procedure 55(A). ECF 83. The plaintiff requests a clerk's entry of default against the defendant pursuant to Federal Rule of Civil Procedure 55(a), which provides for the entry of a party's default where it is shown by affidavit or otherwise that the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. The court finds the plaintiff's motion is well taken and should be granted.

The plaintiff Tom Withers, III brought this action in the United States District Court for Middle District of Louisiana seeking the recovery of attorney fees allegedly owed to him by the defendant City of Aberdeen. The City moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) and for lack of personal jurisdiction under Rule 12(b)(2), or alternatively, to transfer venue to this court. On December 18, 2024, the U.S. District Court for the Middle District of Louisiana denied the City's request to dismiss the complaint and granted the alternative request to transfer venue to this court, and the case was so transferred the next day.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the City's answer to the

complaint was due fourteen days after the denial of its motion to dismiss, or by January 2, 2025.[1] However, the City did not file an answer within the time permitted, which the undersigned called to the City's attention during the case management conference on March 18 2025. Thereafter, the City moved for leave to file an out-of-time answer and affirmative defenses. The plaintiff opposed the motion. On May 1, 2025, the court granted the City's motion and ordered the City to file its answer and affirmative defenses within 7 days. ECF 68. However, the City failed to comply with that order and never filed an answer, and on September 12, 2025 the plaintiff filed the present motion requesting a clerk's entry of default against the City. The plaintiff's motion is supported by counsel's affidavit setting forth the above facts, which are also apparent from the record in this case. The City has not responded to the motion and the time allotted for it to do so has passed.

The court finds that the plaintiff has satisfactorily shown that in the time since the court granted the City leave to file an untimely answer and ordered the City to do so, the City has failed to plead or otherwise defend against the complaint through the filing of an answer or other response to the complaint, and as such an entry of the City's default is proper. Further, Local Uniform Civil Rule 7(b)(3)(E) provides, "If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."

Therefore, the plaintiff's unopposed motion for clerk's entry of default is GRANTED. The Clerk is directed to enter the defendant City of Aberdeen's default.

**SO ORDERED**, this the 2nd day of October, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] The fourteenth day fell on January 1, 2025, which is a legal holiday.