**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TOM WITHERS, III**                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:24-CV-218-SA-RP**

**CITY OF ABERDEEN**                                           **DEFENDANT**

<u>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**</u>

This matter is before the court on Defendant City of Aberdeen's Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer Instanter. ECF 91. The plaintiff opposes the motion. The court finds the motion is well taken and should be granted.

**Procedural Background**

The plaintiff Tom Withers, III brought this breach of contract action in the United States District Court for Middle District of Louisiana seeking the recovery of attorney fees allegedly owed to him by the defendant City of Aberdeen. The City moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) and for lack of personal jurisdiction under Rule 12(b)(2), or alternatively, to transfer venue to this court. On December 18, 2024, the U.S. District Court for the Middle District of Louisiana denied the City's request to dismiss the complaint and granted the alternative request to transfer venue to this court, and the case was so transferred the next day.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the City's answer to the complaint was due fourteen days after the denial of its motion to dismiss, or by January 2, 2025.[1] However, the City did not file an answer within the time permitted or thereafter, which the

---

[1] The fourteenth day fell on January 1, 2025, which is a legal holiday.

undersigned called to the City's attention during the case management conference on March 18, 2025. Thereafter, the City moved for leave to file an out-of-time answer and affirmative defenses. The plaintiff opposed the motion. On May 1, 2025, the court granted the City's motion and ordered the City to file its answer and affirmative defenses within 7 days. ECF 68. However, the City again failed to file its answer within the time permitted or thereafter, and on September 12, 2025 the plaintiff moved for a clerk's entry of default against the City. The City did not respond to the plaintiff's motion, which the court granted. ECF 88. The clerk entered the City's default as directed on October 3, 2025. ECF 90. On October 8, 2025, the City filed the present motion to set aside the entry of default.

## Law and Analysis

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." As the Fifth Circuit has observed, "'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992). It is important to note, however, "that courts 'universally favor trial on the merits,' and that the decision to set aside a default is committed to the sound discretion of the trial court, a discretion that obviously is not unlimited." *Id.* In determining whether good cause exists to set aside an entry of default, the court considers (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) and whether a meritorious defense is presented. *Lacy v. Sitel Corporation*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Dierschke*, 975 F.2d at 184). These factors are not exclusive, and the decision whether circumstances warrant a finding of good cause to set aside a default "necessarily is informed by equitable principles." *Dierschke*, 975 F.2d at 184.

**1. Whether the City's default was willful.**

In support of its motion the City has submitted a declaration of counsel of record explaining that she mistakenly believed that when the court granted the City's motion for leave to file an answer, the proposed answer attached to its motion would be docketed as a matter of course, and counsel did not understand that the order granting leave required the City to file its answer separately.   Given the order's clear directive that "[t]he City must file its answer and affirmative defenses, in the form attached to its motion, within seven days after the entry of this order," the court struggles to comprehend how its order could be so misunderstood, and in the nine years the undersigned has served as a magistrate judge and entered countless orders granting leave to file a pleading, never has such an order of his been so misunderstood, even by a *pro se* party.   The likely explanation is that the City's counsel did not bother to actually read the order, which is a failure by counsel – both local and *pro hac vice* -- on the most basic level, on par with their failure even to respond to the plaintiff's motion for an entry of default.   However, this does not necessarily mean that the City's default was willful, as "[a] willful default is an 'intentional failure' to respond to litigation."   *In re OCA, Inc.*, 551 F.3d 359, 370 n.2 (5th Cir. 2008) (quoting Lacy, 227 F.3d at 292)).   The City's activity of record in this action suggests that the default was not willful.

In the time since the City missed the court-ordered deadline to file its answer, the City has opposed the plaintiff's motion for summary judgment and participated in a settlement conference with the court.   ECF 79, 80, 82.   This suggests that the City's default was the result of a genuine failure to realize that its answer had not been filed – however head-scratching that failure may be – and not the result of a decision to ignore its obligation to file an answer and to stop defending against this action further.   The court finds that the City's default – while

certainly negligent -- was not willful. *See Scott v. Carpanzano*, 556 F.App'x 288, 295 (5th Cir. 2014) (finding defendant's negligent failure to answer complaint was not intentional failure to respond to litigation).

   **2. Whether setting aside the entry of default would prejudice the plaintiff.**

   There is no prejudice to a plaintiff "where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. … All that … has [been] done is to give the defendants their day in court.'" *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). "Thus, mere delay does not alone constitute prejudice. Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion.'" *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)). Here, there is no suggestion that the City's delay in answering the complaint has resulted or will result in any loss of evidence or in opportunities for fraud or collusion. Although the plaintiff argues that the delay has resulted in increased difficulties in discovery, the plaintiff's argument is less than persuasive.

   The record reflects that the plaintiff propounded written discovery requests to the City on June 20, 2025 -- well after the City missed its deadline to answer the complaint. The plaintiff argues that when propounding discovery requests he did not have the benefit of the City's admissions and denials that shape discovery, but this purported prejudice is mitigated by the fact the plaintiff had the City's proposed admissions and denials that it was granted leave to file. The plaintiff also complains that the City did not respond to the plaintiff's discovery requests, but the plaintiff does not explain how this is attributable to the City's failure to file its answer, nor did the plaintiff properly avail himself of available procedures to obtain the City's discovery

responses.[2]   It does not appear to the court that the plaintiff experienced any significant difficulties in discovery that are attributable to the City's failure to file its answer, and the discovery period expired before the plaintiff requested the entry of default.

The court recognizes that if the entry of default is set aside, the plaintiff will be prejudiced by the expenses he incurred in obtaining and defending the entry of default. However, such prejudice is curable.   "As part of its inherent power and discretion in deciding whether to set aside default, the court may impose conditions 'to rectify any prejudice suffered by the nondefaulting party as a result of the default,' including 'requiring the defaulting party ... to pay court costs,' including attorney fees."  *Hernandez v. Ho'olaulima Government Solutions, LLC*, No. EP-23-CV-439-KC, 2024 WL 5274525, at *2 (W.D. Tex. Mar. 19, 2024) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2700 and n.5 (4th ed.) (collecting cases)); *see also Rice v. HamiltonDavis Mental Health, Inc.*, No. 22-cv-397-TSL-RPM, 2023 WL 3746500, at *5 (S.D. Miss. May 31, 2023) (awarding plaintiff his reasonable attorney fees and costs incurred in securing entry of default and in defending against motion to set it aside).

### 3.  Whether a meritorious defense has been presented.

As to this factor, the question is whether the defendant has presented a defense "sufficient to support a finding on the merits for the defaulting party."   Lacy, 227 F.3d at 293.   In presenting such a defense, the defendant's "motion and the evidence submitted to the district court [should] provide definite factual allegations, as opposed to mere legal conclusions, in support of [the] defense."   *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir.

---

[2] The court denied the plaintiff's motion to compel because the plaintiff did not request a teleconference with the magistrate judge to discuss and attempt to resolve the discovery dispute before filing a motion to compel as is required.   ECF 89.

2008) (finding meritorious defense where defendant "provided definite factual allegations with supporting record evidence that, if believed at trial, would lead to a result contrary to that achieved by the default"); *see also Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (stating that defendant asserting meritorious defense must make "a clear and specific showing, not by conclusion, but by definite recitation of facts").

In its motion and supporting memorandum, the City makes little effort to present a meritorious defense.   The City cites boilerplate denials and defenses stated in its proposed answer, without any recitation of specific facts or record evidence supporting those denials or defenses.   Although the City references the parties' summary judgment briefing, there is no clear, definite recitation of facts in that briefing supporting the City's defenses either.   The court notes that in its brief opposing summary judgment, the City argues that the plaintiff's claims are barred by the statute of limitations "as shown in Defendant's Motion to Dismiss, filed in the Middle District of Louisiana."   City's summary judgment brief, ECF 80 at 8.   And so the scavenger hunt for a meritorious defense continues.

In its motion to dismiss and supporting brief, the City pointed to its minutes showing that the City's board of aldermen voted to declare the "Special Counsel Contract" upon which the plaintiff relies in this case to be unauthorized, null and void – and also voted to deny the plaintiff's demand for the attorney fees that are the subject of this action – on June 4, 2019. City's brief on motion to dismiss, ECF 18 at 5 (citing minutes attached as Exhibit A to motion). Then, citing Miss. Code Ann. § 11-51-75, which allows a person aggrieved by a decision of a city's governing body ten (10) days to appeal that decision to the circuit court of the county where the city is located, the City argues the plaintiff's action is time-barred because he did not so appeal the board's decision.   However, the City cites no authority for the proposition that

such an appeal is a person's exclusive remedy for a City's alleged breach of contract.[3]

The court cannot conclude that the City has presented a defense sufficient to support a finding in its favor on the merits.   Perhaps such a defense exists, but it is not the court's role to scour the record for it and to provide the City with supporting legal authority.   Rather, the court considers whether the City, in support of its motion to set aside the entry of default, has made a clear and specific showing of a meritorious defense with a recitation of supporting facts, and the court finds that in this regard, as in others already discussed, the City has failed.   Nonetheless, having found that the City's default was not willful and that setting it aside will not prejudice the plaintiff, and mindful of the universal preference for deciding cases on their merits, the court finds there is good cause to set aside the entry of default.

The court concludes by noting that this is the *third* opportunity afforded the City to answer the complaint – the first afforded by the rules of procedure and the second and third afforded by court orders.   The City is warned that there will not be a fourth.   Additionally, the court finds that it is appropriate to award the plaintiff his reasonable attorney fees and expenses incurred in obtaining and defending the entry of default, and that because the default is attributable to defense counsel and not the City itself, the award should be paid by counsel and not the City.

THEREFORE, the City's motion to set aside the clerk's entry of default is GRANTED. The City must file its answer, in the form attached to its previous motion for leave to file an untimely answer, within seven days after the entry of this order.

FURTHER, the City's attorneys of record are ORDERED to pay the plaintiff's

---

[3] Finding that it lacked personal jurisdiction over the City, the U.S. District Court for the Middles District Louisiana did not rule on the City's statute of limitations defense and instead transferred venue to this court.

reasonable attorney fees and expenses incurred in obtaining the entry of default and in opposing the City's motion to set it aside. To that end, the plaintiff will have fourteen days after the entry of this order to provide defense counsel with a detailed accounting of such attorney fees and expenses; and defense counsel will have fourteen days after receipt of the accounting to pay said fees and expenses or to file a motion challenging the reasonableness thereof if any such dispute cannot be resolved without further court intervention.

FURTHER, because the deadline for dispositive and *Daubert*-type motions passed after the City's default was entered, that deadline is reset to November 7, 2025.

**SO ORDERED**, this the 24th day of October, 2025.

 /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE