**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TOM WITHERS, III**
    *Plaintiff,*

**v.**                                           **CASE NO. 1:24-CV-218-SA-RP**

**CITY OF ABERDEEN**
    *Defendant.*

## DEFENDANT CITY OF ABERDEEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant City of Aberdeen and files this Memorandum in Support of its Motion for Summary Judgment and will show the Court as follows:

## I.    INTRODUCTION

Two dates end this case: June 4, 2019 and October 18, 2023. After months of back-and-forth over an $850,000 invoice tied to ESC's solar venture and a mayor-signed "Special Counsel" paper that never received Board approval on the City's minutes, the Board did what Mississippi law requires a municipality to do: it spoke through its minutes. On June 4, 2019, in open session, the Board recorded that the purported 'Special Counsel Contract of Employment with attorney Walter Howard Zinn Jr.' was 'unauthorized, null and void,' and it denied the Wilson Law Firm's $850,000 fee demand submitted on behalf of plaintiff Tom Withers. *See* Exhibit A.[1] Plaintiff did not file suit until October 18, 2023—more than four years later. (Dkt. 1).

---

[1] For ease of reference, the City's Appendix contains: Ex. A (certified June 4, 2019 Board minutes, ABERDEEN000787–000788); Ex. B-1 (excerpts from June 2016 minutes reflecting meetings on June 7, 21, and 24, with no June 8 entry); Ex. B-2 (Affidavit of City Clerk Melissa Moore authenticating minutes and confirming no June 8, 2016 meeting); Ex. C (Declaration of City Attorney Robert H. Faulks); Ex. D (May 2019 Robert H. Faulks email to Plaintiff's counsel Kathleen Wilson); Ex. E (November 7, 2019 Robert H. Faulks follow-up email to Plaintiff's counsel Kathleen Wilson); Ex. F-1 (City Charter excerpts showing Board contracting authority and minutes requirement); Ex. G (the "Special Counsel Contract of Employment," same document attached to Plaintiff's Complaint as Dkt. 1-6); and Ex. H (Howard & ESC correspondence demonstrating the ESC—not the City—was the contracting party).

Two Mississippi statutes dispose of the case. First, the three-year catch-all limitations period, Miss. Code Ann. § 15-1-49(1), ran no later than June 2022 because the cause accrued with the Board's June 4, 2019 denial, yet Plaintiff waited until October 18, 2023 to initiate this lawsuit. *See* Exhibit A & Dkt. 1. Second, even apart from limitations issue, any challenge to the Board's June 2019 decision is foreclosed by Mississippi's municipal-appeal statute, Miss. Code Ann. § 11-51-75, which required a notice of appeal to the circuit court within ten days of that decision.

No discovery dispute can change those dates. The law, not speculation, controls. The Court should grant summary judgment and dismiss this action with prejudice; if the Court prefers to reach the merits as well, the minutes rule independently confirms there is no enforceable City contract with Plaintiff.

## II.    PROCEDURAL HISTORY & BACKGROUND

Plaintiff bases this case on a mayor-signed paper styled "Special Counsel Contract of Employment," which he filed with his original Complaint (Dkt. 1-6) and purports to date June 8, 2016. The City's minute book reflects meetings on June 7, 21, and 24, 2016. The City Clerk, Melissa Moore, has certified that no meeting occurred on June 8, 2016, and the City's official minutes contain no entry approving any such "Special Counsel" contract (Ex. B-2). According to the sworn declaration of Robert H. Faulks—who served as City Attorney during the relevant period, advises the Board of Aldermen, communicates with outside counsel for the City, and is familiar with the City's contracting and minute-book practices—contracts obligating the City must be authorized by the Board (not the Mayor) and any authorization must be recorded on the official minutes; if it does not appear on the minutes, it does not bind the City (Ex. C).

By spring 2019, the Wilson Law Firm demanded $850,000 on behalf of Withers & Withers. On June 4, 2019, in open session, the Board spoke through its minutes and recorded two votes:

first, declaring the purported "Special Counsel Contract of Employment with attorney Walter Howard Zinn Jr." "unauthorized, null and void," and second, denying the Wilson Law Firm's $850,000 demand—each by roll-call vote (Ex. A). In May 2019—before the meeting—Mr. Faulks advised Plaintiff's counsel that no minutes-approved City contract existed; after the June 4 meeting he notified counsel of the Board's action, and on November 7, 2019 he reiterated in writing that the Board had declared the purported contract unauthorized and denied the claim (Ex. C; Ex. D; Ex. E). Plaintiff filed suit on October 18, 2023 in the Middle District of Louisiana, which granted the City's motion in part and transferred the case to this Court, where the dispositive timing issues are now presented for dismissal.

It must be noted that Plaintiff has filed an objection to the Magistrate Judge's order setting aside the Clerk's entry of default (Dkt. 96). That objection remains pending before the District Judge. Regardless of its resolution, the record demonstrates that Plaintiff's claims are barred by Mississippi law as shown herein, and this motion presents dispositive legal grounds that render the objection immaterial to the merits.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The City of Aberdeen City Charter vests contracting authority in the Board of Aldermen and provides that official actions are taken by Board vote and recorded in the minute book; it contains no provision authorizing a mayor-only "Special Counsel" engagement. *See* Ex. F.

2. The City's June 2016 minute book reflects meetings on June 7, 21, and 24, 2016; there is no June 8, 2016 meeting and no Board approval of any "Special Counsel" engagement. *See* Ex. B.

3. Plaintiff relies on a mayor-signed paper styled "Special Counsel Contract of Employment," purportedly dated June 8, 2016; that document is included in the City's Appendix as Ex. G and is the same document Plaintiff filed with his Complaint. (Ex. G; *see also* Dkt. 1-6.).

4. On June 4, 2019, in open session, the Aberdeen Board of Aldermen recorded on its official minutes that the purported "Special Counsel Contract of Employment with attorney Walter Howard Zinn Jr." was "unauthorized, null and void." (Ex. A).

5. At that same June 4, 2019 meeting, the Board denied the Wilson Law Firm's $850,000 fee demand submitted on behalf of Withers & Withers, by roll-call vote. (Ex. A).

6. In May 2019—before the June meeting—City Attorney Robert H. Faulks advised Plaintiff's counsel, Kathleen Wilson, that no minutes-approved City contract existed. (Ex. C; Ex. D).

7. After the June 4, 2019 Board meeting, City Attorney Robert H. Faulks further notified Kathleen Wilson of the Board's action. (Ex. C).

8. And on November 7, 2019 City Attorney Robert H. Faulks reiterated in writing in an email to Kathleen Wilson that the Board had declared the purported contract unauthorized and denied the claim. (Ex. E; see also Ex. C).

9. According to Mr. Faulks's sworn declaration, contracts obligating the City must be authorized by the Board (not the Mayor) and any authorization must be recorded on the official minutes; if it does not appear in the minutes, it does not bind the City. (Ex. C).

10. Plaintiff filed this lawsuit on October 18, 2023. (Dkt. 1).

## IV. LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is

"material" if it might affect the outcome under governing law, and a dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant can meet its burden either by producing evidence that negates an essential element of the claim or by showing that the nonmovant lacks evidence to carry its burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986). Once the movant does so, the burden shifts to the nonmovant to set forth specific facts showing a genuine issue for trial; it may not rest on allegations or metaphysical doubt, and a "scintilla" of evidence will not suffice. See *id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The Court views the evidence in the light most favorable to the nonmovant, but it need not credit a version of events that is flatly contradicted by the record. See *Scott v. Harris*, 550 U.S. 372, 380 (2007). Where, as here, the material dates are undisputed and the question is purely legal (e.g., a statute-of-limitations or statutory-appeal bar), summary judgment is appropriate.

Before turning to the merits, it is necessary to confirm which state's law governs. This Court applies Mississippi substantive law. When a case is transferred under 28 U.S.C. § 1406(a) or § 1631 for improper venue or lack of jurisdiction, the transferee court applies the law of its own state—not that of the transferor forum. *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981). Because the Middle District of Louisiana transferred this matter for improper venue, Mississippi law governs all substantive issues. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (choice of law follows the transferee forum where transfer is under § 1406). Accordingly, the Mississippi statutes controlling limitations (§ 15-1-49) and municipal appeals (§ 11-51-75) apply to Plaintiff's claims.

## V.  ARGUMENT

**A.      Time alone disposes of this case: Mississippi's three-year statute (Miss. Code Ann. § 15-1-49(1)) ran out long before Plaintiff sued.**

Mississippi's catch-all statute provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued." Miss. Code Ann. § 15-1-49(1).

The accrual date is fixed by what the Board did—and recorded—on June 4, 2019. In open session that day, the Board declared the purported "Special Counsel Contract of Employment with attorney Walter Howard Zinn Jr." "unauthorized, null and void," and denied the Wilson Law Firm's $850,000 demand asserted on behalf of Withers & Withers (Ex. A). Before that meeting, City Attorney Robert H. Faulks advised Plaintiff's counsel, Kathleen Wilson, that there was no minutes-approved City contract (Ex. C; Ex. D). After the meeting, he notified Ms. Wilson of the Board's action, and on November 7, 2019 he reiterated in writing that the Board had declared the purported contract unauthorized and denied the claim (Ex. C; Ex. E).  Plaintiff has suggested that he first learned of the City's decision through a newspaper article. That assertion is contradicted by the record. Before the Board's June 4, 2019 vote, City Attorney Robert H. Faulks had already advised Plaintiff's counsel that no minutes-approved City contract existed, and he later notified her of the Board's action and confirmed it again in writing on November 7, 2019 (Ex. C; Ex. D; Ex. E).

Again, step by step, the record shows both actual and recorded notice. First, counsel was told in May 2019 that no minutes authorization existed (Ex. C; Ex. D). Next, the governing authority met in public on June 4, 2019 and spoke through its minutes, both voiding the paper Plaintiff relies on and denying the $850,000 demand (Ex. A). Then, counsel was expressly notified of that action, and the point was confirmed again in writing on November 7, 2019 (Ex. C; Ex. E).

That sequence fixes accrual no later than June 4, 2019—when the City openly refused the claim on the record—and, at the absolute latest, November 7, 2019 when counsel again received explicit written notice.

Plaintiff did not file suit until October 18, 2023 (Dkt. 1). Measured from June 4, 2019, or even from November 7, 2019, the filing comes more than three years after accrual. Under Miss. Code Ann. § 15-1-49(1), the claim is time-barred as a matter of law.

**B.      Mississippi's ten-day municipal appeal statute (Miss. Code Ann. § 11-51-75) forecloses any collateral attack on the Board's June 4, 2019 decision.**

Mississippi Code Annotated Section 11-51-75 channels judicial review of municipal governing-authority decisions into a short, exclusive path: the aggrieved party must file a notice of appeal in the circuit court within ten days of the decision. If no timely notice is filed, the municipal decision cannot be re-litigated later in a separate civil suit. *See* Miss. Code Ann. § 11-51-75 (requiring appeal "within ten (10) days" to circuit court from a municipality's decision).

Mississippi appellate courts have applied that rule as a bar to collateral attacks. For example, in *Warnock & Associates, LLC v. City of Canton*, the Court of Appeals recognized that a party may not "attempt to collaterally attack" a municipal action outside a timely appeal under Section 11-51-75. The Mississippi Supreme Court's decisions underscore the same channeling structure: under the revised statute, it is the filing of the notice of appeal that invokes the circuit court's appellate jurisdiction, and timeliness runs from the municipal decision. *American Tower Asset Sub, LLC v. Marshall County*, 324 So. 3d 300, 304 (Miss. 2021) (explaining that "the filing of the notice of appeal" establishes appellate jurisdiction under § 11-51-75).  And while *Longo v. City of Waveland* addresses what happens when a timely notice contains defects, it confirms the primacy of the statutory notice mechanism; the question there were defects in a filed notice—not the absence of any appeal at all. 353 So. 3d 437 (Miss. 2022).

Here, the June 4, 2019 votes are final municipal actions recorded on the City's official minutes (Ex. A). Once the Board voted in open session to declare the purported "Special Counsel Contract of Employment" "unauthorized, null and void," and to deny the $850,000 demand, its decision became the final act of the City's governing authority. Under Mississippi law, that decision could be reviewed only through a timely municipal appeal under Mississippi Code Annotated Section 11-51-75. The statute provides a clear and exclusive path: any person aggrieved by a decision of a municipal board must file a notice of appeal in the circuit court within ten days from the date of the decision. This short limitations window reflects the Legislature's intent to give finality to municipal actions and to prevent collateral litigation years later.

Plaintiff never filed a notice of appeal—neither within ten days of June 4, 2019 nor at any later time. By waiting until October 18, 2023 to file this new civil action, he sidestepped the only lawful avenue of review. Mississippi courts have consistently rejected such attempts to revisit municipal decisions through collateral suits. Because Plaintiff bypassed this exclusive statutory route, he cannot use this later federal civil action to undo the Board's June 4, 2019 denial of his $850,000 demand. The City's decision became final by operation of law when the ten-day period lapsed. Mississippi Code Annotated section 11-51-75 therefore provides an independent and complete ground for summary judgment. Those same defenses—limitations and Mississippi Code Annotated section 11-51-75—have now been fully developed with supporting record evidence and controlling Mississippi authority.

**C.** **Discovery posture and supplementation confirm there is no genuine dispute—and, in any event, discovery cannot overcome the statutory bars.**

Plaintiff's filings have repeatedly suggested that discovery might create fact issues or that certain requests for admission should be deemed admitted. Those arguments fail for two reasons. First, the relevant facts—the dates of the Board's June 4, 2019 action and Plaintiff's October 18,

2023 filing—are established by public records and are not subject to genuine dispute. Second, even if discovery could yield additional detail about the same events, it cannot alter the undisputed operation of Mississippi's statutes of limitation or its municipal-appeal framework.

To ensure completeness of the record, the City served its First Supplemented Responses to Requests for Production on October 20, 2025, producing the certified June 4, 2019 minutes, the June 2016 minutes, the City Charter, and related correspondence reflecting the same facts cited in this motion. The City then served its First Supplemented Responses to Interrogatories on November 3, 2025, confirming that (1) the Board of Aldermen, not the Mayor, is the body authorized to contract for the City; (2) the City's minute book reflects no June 8, 2016 meeting or approval of any "Special Counsel" engagement; and (3) the Board voted on June 4, 2019 to declare the purported "Special Counsel Contract of Employment with attorney Walter Howard Zinn Jr." "unauthorized, null and void" and to deny the $850,000 demand. These supplements confirm what the City's prior filings and exhibits already show: the material dates and governing-law framework are not in dispute. Plaintiff has now had the benefit of full discovery, including the City's supplemental responses, and has produced no contrary evidence.

Even if Plaintiff renews his discovery-based argument that certain admissions should be deemed admitted, such procedural issues cannot override substantive law. The accrual date and the statutory appeal window are set by Mississippi law and the City's public minutes, not by discovery responses. Rule 36(b) of the Federal Rules of Civil Procedure further allows withdrawal of admissions when doing so would promote resolution on the merits and would not prejudice the requesting party. See Fed. R. Civ. P. 36(b). Here, the only "merit" issue is legal—whether the statutes of limitation and municipal-appeal statute bar Plaintiff's claims. Because no discovery dispute can extend or revive those deadlines, this case is ripe for dismissal as a matter of law. Any

prior delay in discovery has been cured by the City's full supplementation on October 20 and November 3, 2025.

**D.     Even apart from the statutory bars, Mississippi's minutes rule confirms there is no enforceable contract with the City.**

Mississippi law is clear that a municipal board "speaks only through its minutes." *Wellness, Inc. v. Pearl River Cnty. Hosp.*, 178 So. 3d 1287, 1290–91 (Miss. 2015); *Kennedy v. Claiborne Cnty.*, 233 So. 3d 825, 829 (Miss. Ct. App. 2017). A contract with a municipality is not valid unless the governing board's authorization is expressly reflected on its minutes; "if not so recorded, it did not happen." *Thompson v. Jones Cnty. Cmty. Hosp.*, 352 So. 2d 795 (Miss. 1977). This rule protects public funds and prevents after-the-fact claims based on informal or unauthorized promises.

The City's Charter mirrors this rule. It vests contracting authority solely in the Board of Aldermen, provides that the Board acts only by recorded vote, and grants no power to the Mayor to bind the City independently. (Ex. F). The record shows no Board vote approving any "Special Counsel Contract of Employment," and the City's June 2016 minutes reflect meetings on June 7, 21, and 24—but none on June 8, 2016, the date appearing on the paper Plaintiff relies upon. (Ex. B.) That document therefore lacks the only legal authorization mechanism available to a Mississippi municipality.

By contrast, the minutes that do exist—the certified June 4, 2019 minutes—record the Board's express determination that the purported "Special Counsel Contract of Employment" was "unauthorized, null and void." (Ex. A.) Having so voted, the Board extinguished any suggestion that a valid contract existed. Under Mississippi law, no implied, ratified, or equitable theory can overcome the absence of a minutes entry approving the agreement. *Wellness*, 178 So. 3d at 1291.

Additional correspondence and materials produced confirm that the claimed work and communications were directed to or involved ESC, not the City. (Ex. H.) These records reflect requests, invoices, and transmittals among ESC, AEDA, and related parties concerning the solar initiative—not any Board-approved engagement with the City. These documents are herein attached and offered solely to illustrate the ESC-centered nature of Plaintiff's dealings and the absence of any minutes entry or municipal authorization.

Because the only competent evidence of municipal action is the Board's recorded minutes, and those minutes negate rather than establish any authorization, Plaintiff cannot prove the existence of an enforceable City contract as a matter of law. This provides an independent and complete ground for summary judgment.

**E.      No equitable or quasi-contract theory can evade Mississippi's statutory and municipal-authority limits.**

Even if Plaintiff were to abandon the alleged "Special Counsel Contract of Employment" and recast his claim as one for equitable or quasi-contract relief, such as unjust enrichment or quantum meruit, those theories fail as a matter of Mississippi law. When a municipality acts through a board of aldermen, "no recovery, either at law or in equity, may be had on a contract that the municipality had no authority to make or that was not lawfully approved on its minutes." *Wellness, Inc. v. Pearl River Cnty. Hosp.*, 178 So. 3d 1287, 1291 (Miss. 2015); *Miller v. City of Greenville*, 243 So. 2d 81, 83 (Miss. 1971). The Mississippi Supreme Court has repeatedly rejected attempts to recover public funds on the basis of implied or equitable theories where the board never voted to authorize payment.

Here, the City's official minutes affirmatively show that the Board declared the purported "Special Counsel Contract of Employment" "unauthorized, null and void" and expressly denied the $850,000 demand (Ex. A). Under the Charter and the *minutes rule*, the Board's recorded action

is conclusive: the City cannot be bound by an agreement that its governing authority did not approve, and it certainly cannot be compelled to pay on one it expressly repudiated. See *Kennedy v. Claiborne Cnty.*, 233 So. 3d 825, 829 (Miss. Ct. App. 2017).

Mississippi law further forecloses the use of equitable estoppel against municipalities performing governmental functions. Even assuming Plaintiff relied on informal representations or perceived assurances, such reliance cannot create liability where the City itself lacked authority to bind public funds. Equity cannot override statutory requirements or minutes-based authorization.

Accordingly, to the extent Plaintiff seeks recovery under any implied, equitable, or extra-contractual theory, those claims are barred both by the City's lack of authority and by the explicit June 4, 2019 vote rejecting the demand. No legal or equitable doctrine can resurrect a claim the City was never empowered to incur.

## VI.       CONCLUSION

For these reasons, Defendant City of Aberdeen respectfully prays that this Court grant summary judgment in its favor, dismiss all claims with prejudice, and award such further relief as the Court deems just and proper.

*(Signature on the Following Page)*

Respectfully submitted,

DANIEL WILLIAMS & ASSOCIATES PLLC
*/s/ Kathryn Williams*
Kathryn Williams
k.williams@danielwilliamslaw.com
2201 Hermann Drive
Houston, Texas 77004
T: 713.229.9997
F: 281.501.6777
*-and-*
*/s/ Mark McClinton*
Mark Coleman McClinton
Russell & McClinton, PA
100 E. Main Street
New Albany, MS 38652
mcclintonlaw@gmail.com
**ATTORNEYS FOR**
**THE CITY OF ABERDEEN**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, I served a copy of the above and foregoing on counsel of record for Plaintiff via the Court's CM/ECF filing system.

*/s/ Kathryn Williams*
Kathryn Williams