IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TOM WITHERS, III                                                              PLAINTIFF

v.                                                   CIVIL ACTION NO. 1:24-CV-218-SA-RP

CITY OF ABERDEEN                                                              DEFENDANT

ORDER TO SHOW CAUSE

This matter comes before the Court on its own initiative. The Court has serious concerns that certain legal memoranda submitted in this case by Plaintiff Tom Withers and Defendant City of Aberdeen ("the City") contain fictitious legal authorities.

Pending before the Court is the City's Motion for Summary Judgment [98] and Motion Challenging the Reasonableness of Plaintiff's Notice of Submission of Accounting of Attorney Fees and Expenses [103]. In reviewing the City's Memorandum of Law in Support of its Motion for Summary Judgment [99] and Withers' Opposition [105] to the same, the Court was unable to locate certain authorities cited therein. Additionally, the Court was unable to locate certain authorities cited in the City's brief [104].

The submission of fictitious legal authorities violates Rule 11 and undermines the integrity of the judicial process.[1]

IT IS HEREBY ORDERED that Kathryn Williams, Mark McClinton, Kathleen M. Wilson, and Shauncey Hunter Ridgeway shall appear before this Court on January 6, 2026 at 1:30 PM,

---

[1] Federal Rule of Civil Procedure 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:…the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" FED. R. CIV. P. 11(b)(2).

Courtroom 1, 301 West Commerce Street, Aberdeen, MS 39730, to show cause as to as to why the Court should not impose sanctions against them pursuant to Federal Rule of Civil Procedure 11, the Court's Local Rules, and/or its inherent authority.

Williams and McClinton are directed to bring two copies of the following cases cited in their brief [99]: *Miller v. City of Greenville*, 243 So. 2d 81, 83 (Miss. 1971), and of the following cases cited in their brief [104]: *Riley v. City of Tupelo*, No. 1:20-CV-186-GHD-DAS, 2023 WL 3568661, at 3 (N.D. Miss. May 18, 2023); *Buckner v. Walker*, No. 1:19- CV-146-SA-DAS, 2022 WL 2318582, at 4 (N.D. Miss. June 28, 2022); and *Harris v. City of Grenada*, No. 3:18-CV-158-DMB-RP, 2021 WL 6062574, at 7 (N.D. Miss. Dec. 22, 2021).

Wilson and Ridgeway are directed to bring two copies of the following cases cited in their brief [105]: *City of Grenada v. Harrelson*, 84 So. 3d 35, 38 (Miss. Ct. App. 2012) and *Crittendon v. State Farm Mut. Auto. Ins. Co.*, 99 So. 3d 751, 755 (Miss. 2012).

The Court may have questions regarding other citations included in other filings in the case, and Williams, McClinton, Wilson and Ridgeway should be prepared to discuss any authority cited in all of their respective filings in this case.

SO ORDERED, this the 10th day of December, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE