**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TOM WITHERS, III**
     *Plaintiff,*

**v.**
                                    **CASE NO. 1:24-CV-218-SA-RP**

**CITY OF ABERDEEN**
     *Defendant.*

**DEFENDANT CITY OF ABERDEEN'S MOTION FOR LEAVE**
**TO FILE CORRECTED MEMORANDA & RESPONSE TO ORDER TO SHOW CAUSE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant City of Aberdeen ("the City"), by and through undersigned counsel, pursuant to Local Uniform Civil Rule 7(b) and Federal Rule of Civil Procedure 11, and respectfully moves this Honorable Court for leave to file corrected memoranda and responds to this Honorable Court's Order to Show Cause (ECF 110), stating as follows:

1. Upon receipt of this Court's Order to Show Cause, undersigned lead counsel immediately reviewed the citations identified by the Court. That review confirmed that four citations in the City's filings cannot be verified against published decisions: three citations in ECF 104 and one citation in ECF 99. These errors resulted from counsel's reliance on artificial intelligence research tools without independent verification. Counsel accepts full responsibility and sincerely apologizes to this Court.

2. Counsel's research specifically sought attorney fee decisions from the Northern District of Mississippi. This was an appropriate and targeted research methodology for the issue presented. However, the leading authorities on prevailing attorney fee rates in Mississippi civil rights cases are from the Southern District of Mississippi—not the Northern District. It appears the tool, unable to locate Northern District authority directly on point, generated citations incorporating Northern District city names—Tupelo, Grenada—to conform results to counsel's geographic search parameters. The research methodology was sound; the tool's output was not.

3. The following demonstrates that each erroneous citation corresponds to actual, published authority addressing the identical legal proposition:

    a.    The citation to *Riley v. City of Tupelo* corresponds to *Riley v. City of Jackson*, 2 F. Supp. 2d 864 (S.D. Miss. 1997). In *Riley*, Judge Wingate conducted a detailed lodestar analysis and discussed prevailing market rates for attorneys in Mississippi federal courts—the identical proposition for which the citation was offered. The tool substituted "Tupelo" (a Northern District city) for "Jackson" (a Southern District city).

    b.    The citation to *Harris v. City of Grenada* is withdrawn. The proposition for which it was offered—that courts analyze prevailing market rates in civil rights fee awards—is adequately supported by the two verified replacement authorities, *Riley v. City of Jackson* and *Lighthouse Rescue Mission v. City of Hattiesburg*. A third citation is unnecessary.

    c.    The citation to *Buckner v. Walker* corresponds to *Lighthouse Rescue Mission v. City of Hattiesburg*, No. 2:12-cv-00184-KS-MTP, 2014 WL 4402229 (S.D. Miss. Sept. 5, 2014). In *Lighthouse*, Judge Starrett applied the lodestar method and Johnson factors to determine reasonable attorney fee rates in a civil rights case under RLUIPA and 42 U.S.C. § 1983—the same legal framework cited in the City's memorandum.

4. The legal propositions advanced in the City's memoranda were accurate statements of governing law. The error was counsel's failure to verify that the tool's case names corresponded to actual published decisions. A summary of the citations requiring correction is attached as Exhibit 1.

5. Counsel respectfully submits that while these errors were serious, they do not constitute sanctionable conduct under Rule 11 or this Court's inherent authority. The legal contentions in the City's memoranda *were* warranted by existing law—each proposition was accurate, as demonstrated by the verified replacement authorities. There was no intent to deceive; counsel was conducting legitimate research to support legitimate arguments. The failure was one of verification, not fabrication.

6. Upon receiving this Court's Order, counsel did not attempt to defend the citations or argue they were accurate. Counsel immediately investigated, identified the corresponding

verified authorities, and prepared this response with complete transparency. The citation errors did not prejudice the opposing party or affect this Court's consideration of the merits; the legal analysis in the City's memoranda remains unchanged.

7. The following four citations require correction:

   a. *Riley v. City of Tupelo*, No. 1:20-CV-186-GHD-DAS, 2023 WL 3568661 (N.D. Miss. May 18, 2023), cited in ECF 104, to be replaced with *Riley v. City of Jackson*, 2 F. Supp. 2d 864 (S.D. Miss. 1997).

   b. *Buckner v. Walker*, No. 1:19-CV-146-SA-DAS, 2022 WL 2318582 (N.D. Miss. June 28, 2022), cited in ECF 104, to be replaced with *Lighthouse Rescue Mission v. City of Hattiesburg*, No. 2:12-cv-00184-KS-MTP, 2014 WL 4402229 (S.D. Miss. Sept. 5, 2014).

   c. *Harris v. City of Grenada*, No. 3:18-CV-158-DMB-RP, 2021 WL 6062574 (N.D. Miss. Dec. 22, 2021), cited in ECF 104. This citation is withdrawn. The proposition is adequately supported by the two verified replacement authorities, *Riley v. City of Jackson*, 2 F. Supp. 2d 864 (S.D. Miss. 1997), and *Lighthouse Rescue Mission v. City of Hattiesburg*, 2014 WL 4402229 (S.D. Miss. Sept. 5, 2014). A third citation is unnecessary.

   d. *Miller v. City of Greenville*, 243 So. 2d 81 (Miss. 1971), cited in ECF 99. This citation is withdrawn. The proposition is fully supported by *Wellness, Inc. v. Pearl River County Hospital*, 178 So. 3d 1287, 1291 (Miss. 2015), already cited in the same sentence.

8. The City respectfully requests leave to file corrected versions of ECF 99 and ECF 104. Proposed corrected memoranda are attached as Exhibits 2–3. The corrections update case names, citations, and parenthetical descriptions to accurately reflect verified replacement authorities. Conforming edits have been made to the surrounding text to ensure consistency with the cited authorities. The City's legal arguments and positions remain unchanged.

9. Pursuant to L.U.Civ.R. 83.1(d)(3), undersigned lead counsel bears full responsibility for substantive legal work product. Local counsel Mark McClinton served in the capacity contemplated by the Local Rules—ensuring compliance with local procedures and facilitating electronic filing. The research producing these errors was conducted solely by

lead counsel. Mr. McClinton had no involvement in that process and reasonably relied upon lead counsel's representations.

10. Undersigned lead counsel has implemented the following measures to prevent recurrence: (a) all citations will be independently verified through Westlaw, Lexis, or PACER before inclusion in any court filing; and (b) counsel will not rely upon AI-generated research without independent verification. Counsel respectfully submits to any additional measures the Court deems appropriate.

WHEREFORE, Defendant City of Aberdeen respectfully requests that this Court: (a) accept this response to the Order to Show Cause; (b) grant leave to file corrected memoranda; and (c) grant such other relief as this Court deems proper.

Respectfully submitted,

DANIEL WILLIAMS & ASSOCIATES PLLC

*/s/ Kathryn Williams*
Kathryn Williams
k.williams@danielwilliamslaw.com
2201 Hermann Drive
Houston, Texas 77004
T: 713.229.9997
F: 281.501.6777
*-and-*
*/s/ Mark McClinton*
Mark Coleman McClinton
Russell & McClinton, PA
100 E. Main Street
New Albany, MS 38652
mcclintonlaw@gmail.com
**ATTORNEYS FOR**
**THE CITY OF ABERDEEN**

## CERTIFICATE OF SERVICE

I hereby certify that on January 1, 2026, I served a copy of the above and foregoing on counsel of record for Plaintiff via the Court's CM/ECF filing system.

*/s/ Kathryn Williams*
Kathryn Williams