IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TOM WITHERS, III                                                        PLAINTIFF

v.                                                CIVIL ACTION NO. 1:24-CV-218-SA-RP

CITY OF ABERDEEN                                          DEFENDANT

ORDER AND MEMORANDUM OPINION

Before the Court is Tom Withers' Objection [96] of Magistrate Judge Percy's Order [94] granting the City of Aberdeen's Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer Instanter [91]. The Objection [96] has been briefed and is ripe for review.

*Relevant Procedural Background*

This action involves a contractual dispute between Withers and the City of Aberdeen ("the City") over legal fees. Withers is a licensed attorney in the State of Louisiana whose Complaint [1] brings a single breach of contract claim against the City.

Withers alleges that in 2012 the City contracted with Ewing Solar Corporation ("ESC") for the procurement of solar power energy. As part of the agreements entered into between the City and ESC, Withers alleges that ESC was authorized to employ him for professional services and that the costs for said services would be paid for by the City. Withers additionally alleges that the City, through its then-counsel, contracted with him to serve as Special Counsel for ESC in projects derived from the solar power arrangement. According to Withers, when the deal between ESC and the City went south years later, the City refused to pay his fees. On August 18, 2023, Withers filed his Complaint [1] in the District Court for the Middle District of Louisiana seeking $850,000.00 in fees for services rendered in connection to the ESC contract and related development initiatives.

On March 8, 2024, the City sought dismissal of the lawsuit on the basis of improper venue, lack of personal jurisdiction, and failure to state a claim and alternatively requested a venue

transfer. *See* [17]. The District Court for the Middle District of Louisiana concluded that it lacked personal jurisdiction and transferred the case to this Court. *See* [34] at p. 7-8. The transfer was effectuated on December 19, 2024. *See* [36].

The City failed to file its answer to the Complaint [1] within the time allowed by the Federal Rules of Civil Procedure. During the case management conference held on March 18, 2025, Magistrate Judge Percy brought this failure to the City's attention. Thereafter, the City moved the Court for leave to file its answer out of time and attached to that filing a copy of its proposed answer. *See* [59]. Withers opposed the Motion for Leave [59].

On May 1, 2025, Magistrate Judge Percy granted the City's Motion [59] and directed the City to file its answer "in the form attached to its motion" within seven days. [68] at p. 4. However, the City did not separately file its answer by the new May 8, 2025 deadline.

Several months passed, and Withers, in the interim, filed a Motion for Summary Judgment [76]. The Motion for Summary Judgment [76] is still pending and is opposed by the City. *See* [76, 79]. Thereafter, on September 12, 2025, Withers filed a Motion for Clerk's Entry of Default [83] based on the City's failure to file its answer. *See* [83]. The Court granted that Motion [83], and the next day the Clerk entered default against the City. *See* [88, 90].

The City then sought to set aside the Clerk's entry of default and again requested leave to file its answer. *See* [91]. The Court granted that request over Withers' objection and the City subsequently filed its Answer [95] pursuant to the Court's ruling. *See* [94].

Withers timely filed an Objection to Magistrate Judge's Order [96], alleging that Judge Percy's Order [94] setting aside the default entry was clearly erroneous and contrary to law for several reasons. In response, the City takes the position that the Clerk's entry of default was properly set aside.

*Analysis and Discussion*

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting FED. R. CIV. P. 72(a)); *see* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's non-dispositive order may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Id*. at 808 n. 15. "The 'clearly erroneous' standard requires that the Court affirm the decision of the magistrate judge unless 'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" *Magana v. CoreCivic*, 2023 WL 372644 at *2 (N.D. Miss. Jan. 24, 2023) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

As noted, Magistrate Judge Percy entered an Order [94] setting aside the entry of default against the City. In so ruling, Judge Percy found that good cause existed for setting aside the default.

"An entry of default formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Voyles v. Superior Staffing, LLC*, 2023 WL 6320295, at *4 (W.D. La. Sept. 27, 2023) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). However, "[a] district court may 'set aside the entry of default for good cause.'" *Id.* (quoting FED. R. CIV. P. 55(c)).

"In determining whether good cause exists to set aside an entry of default, courts consider factors such as: (1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious [defense] has been presented." *Id.* (citing *Dierschke*, 975 F.2d at 183-84). "All three factors need not be present, and other factors may be considered." *Id*. Additionally, "[t]hese factors should be viewed against the background principles

3

that cases should, if possible, be resolved on the merits and that defaults are generally disfavored." *Hancock Bank v. Oller*, 2016 WL 301695, at *4 (E.D. La. Jan. 25, 2016) (citing *Lambert v. Bd. of Comm'rs of the Orleans Levee Dist.*, 2006 WL 1581262, at *2 (E.D. La. June 7, 2006) (in turn citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). The burden of showing good cause "lies with the party challenging the entry of default." *Voyles*, 2023 WL 6320295 at *4 (citing *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018)).

In his Objection [96], Withers overarchingly argues that Judge Percy's Order [94] "is clearly erroneous and contrary to law because the City—after repeatedly flouting court-ordered and rule-based deadlines, ignoring Plaintiff's request for entry of default, and offering no clear, specific, fact-supported 'meritorious defense'—failed to demonstrate 'good cause' under Federal Rule of Civil Procedure 55(c)." [96] at p. 1. The Court will address Judge Percy's findings as to each of the factors set forth above.

    I.    *Willfulness*

Regarding the first factor, "[w]hether a defendant's failure to timely answer was willful is a finding of fact left for the district court to determine." *Hancock Bank*, 2016 WL 301695 at *4 (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)). "The Fifth Circuit has defined willfulness as 'an intentional failure to respond to litigation.'" *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 575 (E.D. La. 2016) (quoting *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008)). Under Rule 55(c), "[t]he willfulness factor… is reviewed under the excusable neglect standard of Federal Rule of Civil Procedure 60(b)." *Dowd v. TubeMaster, Inc.*, 2021 WL 4024452, at *2 (E.D. Tex. June 15, 2021); *see also Parker v. Bill Melton Trucking, Inc.*, 2016 WL 5704172, at *2 (N.D. Tex. Oct. 3, 2016) ("Willfulness is determined by applying the excusable neglect standard."); *CJC Holdings, Inc.*,

979 F.2d at 64 (applying the "excusable neglect" standard for the willfulness factor when the defendant moved to set aside the clerk's entry of default).

Withers argues that the City intentionally failed to respond to litigation because it knowingly disregarded court rules and orders. The Court disagrees.

First, it is undisputed that the City missed the initial deadline to file its answer and failed to take curative action until Judge Percy raised the issue at the case management conference in March 2025. However, once the City took curative action in seeking leave to file its answer the first time, the Court granted the City a deadline extension for good cause shown, including finding that the City's failure to act amounted to excusable neglect. *See* [68] at p. 3-4. Having considered the relevant law and facts at that time, the Court declines to revive the issue surrounding the City's initial failure to file its answer. If the City had not taken any subsequent action (i.e. moving for leave to answer out of time), then its initial failure would be relevant to the present inquiry but that is not the case.

The Court considers the events that transpired subsequent to its granting the City leave to file its answer out of time. *See id.* In this regard, the parties do not dispute that the City failed to file its answer by May 8, 2025—the new court-imposed deadline for it to do so. Defense counsel, Kathryn Y. Williams, who was admitted *pro hac vice* to represent the City, submitted a sworn declaration as an exhibit to the City's Motion to Set Aside [91], wherein she explains why the City did not file its answer in time. According to Williams, she misunderstood that the Order [68] granting the City leave to file its answer required her to *separately* file the answer based on certain language in the Order [68]. *See* [91], Ex. 2 at p. 1. In other words, she mistakenly believed the proposed answer attached to the City's motion would be docketed by the Clerk of Court as a matter of course. Local counsel for the City, Mark McClinton, did not submit any declaration of his own.

5

Despite Williams' alleged mistaken belief (and McClinton's apparent oversight), Judge Percy found that the City's default was a result of negligence and not a willful failure to respond to litigation based on the record of activity in the case. Specifically, it is undisputed that, before Withers sought entry of default, the City opposed Withers' summary judgment motion and also participated in a settlement conference before Judge Percy in September 2025. It is also true, however, that Withers' motion for entry of default was unopposed by the City for an unexplained reason. Though the Court does not condone this failure on the part of the City, it is not fatal to its position that it has not acted willfully in defaulting. *See Gray v. Killick Grp., LLC*, 2022 WL 20688810, at *1 (S.D. Tex. Aug. 4, 2022) ("Excusable neglect may be found where the relevant circumstances reveal inadvertent delay, mistake, or carelessness.") (citing *Blake v. Peake*, 2008 WL 5114655, at *2 (S.D. Tex. Dec. 3, 2008)).

In *Hancock Bank*, the District Court for the Eastern District of Louisiana considered a comparable dilemma. In that case, the defendant sought to set aside an entry of default arguing, in part, that her failure to answer the complaint was not willful because she was not properly served with process. *Hancock Bank*, 2016 WL 301695 at *5. The court determined that the defendant was mistaken in her contention that service was faulty, noting that she cited no authority to support her argument and that state law clearly established that the manner in which she was served was valid. *Id*. Ultimately, the court found that the defendant's failure to answer was "clearly negligent" but not willful because she had otherwise engaged in litigating the case. *Id.* More specifically, despite failing to file her answer, the defendant attended a scheduling conference and a status conference held by the court in addition to conferring with plaintiff's counsel regarding a pending motion for the extension of deadlines. *Id.*

Here, the City has taken more steps in litigating this case than the defendant in *Hancock Bank*. Prior to Withers seeking entry of default, the record shows that the City not only attended a

6

settlement conference but also opposed Withers' summary judgment motion. The City's defensive action stands in stark contrast from the deliberate inactivity other courts within the Fifth Circuit and the Fifth Circuit itself have found to be a willful failure to respond to litigation. *See*, *e.g.*, *Parker*, 2016 WL 5704172 at *3 (finding the defendant willfully defaulted in failing to timely answer or otherwise defend the lawsuit); *Dierschke*, 975 F.2d 184-85 (affirming the district court's decision declining to set aside the clerk's entry of default where defendant was aware answer was due but nonetheless failed to file an answer or other responsive pleading).

In the Court's view, the City's active participation in litigating this matter supports a finding that its failure to file its answer was negligent based on carelessness on the part of defense counsel rather than an intentional failure to respond to the Complaint [1]. This constitutes excusable neglect—not willfulness. *See CJC Holdings, Inc.*, 979 F.2d at 64 (explaining that a willful default "would certainly not constitute excusable neglect"). Judge Percy did not err in so finding and this factor therefore weighs in favor of setting aside the clerk's default entry.

II.     *Prejudice*

Next, Withers argues that Judge Percy erred in finding that setting aside the default would not prejudice him. Withers specifically contends that he has experienced "increased difficulties in discovery" and that "case management harms" have resulted from the City's failure to file its answer timely. [96] at p. 5. These arguments are non-starters.

"[M]ere delay does not alone constitute prejudice. Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Relative to his alleged discovery difficulties, Withers argues that the City's failure to answer impaired his ability to "tailor and enforce discovery." [96] at p. 6. In his Order [94], Judge Percy did not find this argument persuasive and explained that Withers was on notice of the

7

City's admissions and denials by virtue of the form answer the Court had approved for filing out of time *before* Withers propounded discovery in June 2025. As to Judge Percy's reasoning, Withers argues that "a proposed pleading neither joins the issues under Rule 8 nor triggers the consequences associated with binding admissions and properly framed defenses." [96] at p. 6.

In June 2025, Withers propounded written discovery upon the City to which the City allegedly failed to respond. *See* [86] at p. 3. Withers then sought to compel discovery in September 2025. *See id.* The Court is cognizant that shortly thereafter it denied that request because Withers failed to comply with the Court's instructions to obtain an order to compel (as set forth in the Court's case management order). *See* [89] at p. 1. However, the City's alleged failure to respond to discovery requests was obviously not a result of its delay in filing its answer. And notably, in denying Withers' request to compel discovery, Judge Percy noted that Withers has requested for his requests for admission to be deemed admitted in his pending summary judgment motion. *See id.* Thus, the absence of a filed answer apparently did not hinder Withers' ability to file an early dispositive motion one month before he even sought to compel discovery and before moving for an entry of default. The Court is unpersuaded by his argument.

Withers also contends that, because Judge Percy's Order [94] setting aside the default entry also reset the dispositive motions deadline but did not reopen discovery, he now faces increased difficulties in discovery. This argument is easily rejected. The Court's extending a deadline *sua sponte* is of no consequence due to Withers' prior failed discovery efforts. In fact, as Judge Percy pointed out, Withers did not properly avail himself of the available procedures for obtaining the City's discovery responses prior to the expiration of the discovery period and therefore any alleged difficulties are not attributable to the City's delay in filing its answer.

The Court finds that no potential for unfair prejudice appears in the record. Judge Percy did not clearly err in finding that setting aside the default would not prejudice Withers.

### III. Meritorious Defense

The Court now addresses the third factor—whether the City has presented a meritorious defense. Judge Percy found that the City did not present such a defense in its motion to set aside the entry of default because it failed to provide the Court with specific facts and instead "cite[d] boilerplate denials and defenses stated in its proposed answer[.]" [94] at p. 6. Withers argues that this finding alone should have ended the Court's inquiry under Rule 55 pursuant to Fifth Circuit authority and therefore Judge Percy's Order [94] is contrary to law.

In *Jenkens & Gilchrist v. Groia & Co.*, the Fifth Circuit, addressing whether a district court's denial of relief from default judgment under Rule 60(b)(4) was proper, held that the defendant met her burden in presenting a meritorious defense where she "provided definite factual allegations, as opposed to mere legal conclusions, in support of her defense." 542 F.3d 114, 122 (5th Cir. 2008). *Jenkins* was decided on August 26, 2008. *Id.* at 124. Later that same year, on December 9, 2008, the Fifth Circuit decided *In re OCA, Inc.,* 551 F.3d at 363. In analyzing whether a meritorious defense was presented, the court, relying on *Jenkins*, held that, in determining whether a meritorious defense exists, "the underlying concern is… whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d at 373.[1]

Though not a preferred method for allegations to be presented to this Court, the City provided the specific factual basis underlying its defenses by referencing other pleadings in the record. *See* [92] at p. 5-6 (arguing that it has raised a "time-bar defense," among others, and referencing its Answer submitted as Exhibit A and its summary judgment briefing). The City's

---

[1] In that case, the Fifth Circuit explained that it recognized in previous holdings that "courts apply essentially the same standard to motions to set aside a *default* and a *judgment by default*." *Id.* at 370 (quoting *Dierschke*, 975 F.2d 184) (internal quotation marks omitted; emphasis in original).

9

brief in opposition to Withers' summary judgment motion raises a statute of limitations defense and in turn references its prior motion to dismiss briefing. *See* [80] at p. 8. There, the City argued that this action was brought four years after the date the City denied Withers' request for payment of his fees (the denial date allegedly being in June 2019) and is therefore time barred. *See* [18] at p. 7. The Court notes that the statute of limitations for a breach of contract claim is three years in Mississippi, and, if Mississippi law applies to subject contract in dispute, this *could* be a meritorious defense. *See Stowe v. Edwards*, 331 So. 3d 24, 33 n.7 (Miss. Ct. App. 2021). Despite its rabbit-hole presentation, the Court finds that this fact alone is "sufficient in theory to support a conclusion that there is a possibility that the outcome after trial would not mirror the default[.]" *In re OCA, Inc.*, 551 F.3d at 373. This factor weighs in favor of setting aside the entry of default as decided by Judge Percy.

    IV.    *Other Considerations*

The above factors are not exclusive. *See Dierschke*, 975 F.2d at 183 (observing that "'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."). The Fifth Circuit has explained that courts have also relied on other factors such as whether the public interest was implicated, whether defendant suffered a significant financial loss, and whether defendant acted "expeditiously to correct the default." *Id.* at 184. Ultimately, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." *Id.*

Here, as the City points out in its Response [97], the City sought to set aside the default entry within five days of the date the default was entered. The Court finds this prompt action

10

weighs in favor of finding good cause, particularly when combined with the other factors considered.

For the reasons explained above, the Court finds that Withers has suffered no disadvantage in Judge Percy's decision to set aside the default entry besides requiring him "to prove [his] case" instead of prevailing by default. *Lacy*, 227 F.3d at 293. As such, the Court's decision is not contrary to principles of equity and instead aligns with the Fifth Circuit's observation "that courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183.[2]

*Conclusion*

Having considered the relevant authorities and the parties' arguments, the Court finds that the Magistrate Judge did not clearly err in setting aside the Clerk's Entry of Default [90] against the City. Withers' objections and appeal are hereby OVERRULED, and the Magistrate Judge's Order [94] is AFFIRMED in its entirety.

SO ORDERED, this the 6th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Fifth Circuit has also recognized that motions to set aside a default entry are "more readily granted than a motion to set aside a default judgment." *Id.* at 184. Default judgment has not been entered in this case as Withers has not sought such relief.